No. 6214.

SUCCESSION OF AMY ANDERSON. ON RULE FOR SALE OF PROPERTY.

The succession of Benton obtained judgment against the succession of Anderson, and two days thereafter, without authority of court and on his own responsibility, the administrator of the succession of Benton transferred or rather signed a private act transferring said judgment to Montgomery & Delony, attorneys-at-law, who were creditors of the succession of Benton for professional services rendered. · Subsequently, Montgomery & Delony took a rule on the administrator of the succession of Anderson to compel him to sell property and pay this debt.

The administrator of the succession of Benton intervened, alleging the invalidity of the transfer he had made, praying to be recognized the owner of the transferred judgment, and praying that the administrator of the Anderson succession be compelled to sell property and pay it.

The administrator of the Anderson succession in his reply denied that the plaintiffs in rule were the legal owners of the judgment, and alleged that it still belonged to the succession of Benton.

The court a qua correctly decided that the transfer to plaintiffs in rule was not valid, and that the judgment against the Anderson succession, alleged to be transferred, still remained the property of the Benton succession.

What object the administrator of the Anderson succession can have in appealing, other than to obtain a delay in settling the succession, can not be perceived; for he does not deny the indebtedness, and the court below agreed with his allegation that the judgment against the succession he represents still belongs to the Benton succession.

It is equally incomprehensible why Levi Prewett, an alleged creditor of the Benton succession and an intervenor in this suit, seeks relief by appeal from the judgment in favor of that succession, which is looking to the recovery of funds to be distributed among the creditors thereof, of which he is one. The administrator of the Benton succession is the common agent of all the creditors, Levi Prewett included, who is therefore without interest in this litigation.

As to Montgomery & Delony, the pretended transferees of the judgment, from their admission in the record and from the private act of transfer made by the administrator without authority of court, it clearly follows that they have no semblance of title to said judgment. Upon their own showing they are not entitled to relief.

APPEAL from the Parish Court, parish of Carroll. · *Moss, J. Montgomery & Delony*, personally, plaintiffs in rule and appellants. *E. H. Farrar*, for the same. *J. W. Montgomery*, for the administrator of the Benton succession, intervenor and appellee. *Leonard & Kennedy*, for the administrator of the Anderson succession, appellant, and for Levi Prewett, intervenor and appellant.

WYLY, J. On the sixth of June, 1874, the succession of Warren M. Benton obtained judgment for $823 60 against the succession of Amy Anderson, and two days thereafter, without authority of court and on his own responsibility, the administrator of the succession of Benton transferred, or rather signed, a private act transferring said judgment against the succession of Anderson to Montgomery & Delony, attorneys-at-law, who were creditors of the succession of Benton. Montgomery & Delony subsequently took a rule on R. K. Anderson, the administrator of the succession of Amy Anderson, to compel him to sell property and pay this debt.

The administrator of the succession of Benton intervened, alleging the invalidity of the transfer of said judgment which the succession of Benton obtained against the succession of Anderson, and prayed to be recognized as the owner thereof, and that the administrator of the succession of Anderson be required to sell property and pay it.

The administrator of the succession of Anderson excepted to the rule, on the ground that the judgment sought to be collected belonged to the succession of Benton, and had not been legally transferred to plaintiffs in rule, Montgomery & Delony.

Levi Prewett, claiming to be a creditor of the succession of Benton, sought to intervene, and was not permitted to do so by the judge. We think the court did not err in refusing the intervention, because, on his own showing, he was without interest to interfere in the proceeding to collect a debt from the succession of Anderson. The ruling of the court was correct, although the reason given was not the proper one. We think the judgment of the court recognizing the succession of Benton as the owner of the judgment in question, and requiring the administrator of the succession of Anderson to sell property and pay it, was correct.

Plaintiffs in rule, whose demand was refused, the administrator of the succession of Anderson, the defendant in rule, and Levi Prewett, the alleged creditor of the succession of Benton, whose right to intervene was denied, have all appealed from the judgment of the court a qua.

What object the administrator of the succession of Anderson had in taking an appeal, other than to obtain a delay in settling the succession under his administration, is not perceived. He does not deny that the succession he represents owes the amount of the judgment sought to be collected. And as the court agreed with him in the objection set up that the judgment still belongs to the succession of Benton, we can not perceive that he is entitled to relief from the judgment requiring him to sell property and pay the judgment to the administrator of the succession of Benton. And why Levi Prewett, an alleged creditor of the succession of Benton, should seek relief by appeal from the judgment in favor of that succession looking to the recovery of funds to be distributed among the creditors thereof, we can not imagine. The administrator of the succession of Benton is the common agent of all the creditors, Levi Prewett included, if he is one. He is without interest in this litigation, and can not be relieved.

Montgomery & Delony, the pretended transferees of the judgment which the succession of Benton recovered from the succession of Anderson, now sought to be collected, can not be relieved; by their admission in the record and the private act of transfer made by the administrator without authority of court, they have no semblance of title to the judg-

ment which the succession of Benton recovered against the succession of Anderson. Their right to enforce the judgment was opposed by the administrator of the succession of Anderson, and, upon their own showing, they are not entitled to relief. The intervention of the succession of Benton is not like the intervention of the commissioners of the Merchants' Bank in the case of Erwin vs. Lowery, 1 An. 276, where the intervenor was not allowed in the probate court to raise the question as to the title of the notes in the litigation between plaintiff and defendant, the court being of opinion that a court of ordinary jurisdiction was the proper tribunal to determine his title to the property he claimed. Here a court of ordinary jurisdiction had rendered the judgment in favor of the succession of Benton against the succession of Anderson, and it was this judgment in favor of the intervenor that is sought to be enforced by him.

The motion to dismiss the appeal is denied.

Judgment affirmed.